IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HELEN M. WOOLBRIGHT                                                                              PLAINTIFF

v.                                           Case No. 3:12-CV-03123

TANKINETICS, INC.; STRAND
COMPOSITE ENGINEERING &
CONSTRUCTION, LLC; WILLIAM K.
ANGLE; ST. CLAIR P. GUESS, III;
WILLIAM F. SCHWARZ; and
ROBERT W. McMANUS                                                                          DEFENDANTS

**OPINION AND ORDER**

Defendants Tankinetics, Inc. ("Tankinetics"); Strand Composite Engineering & Construction, LLC ("Strand"); William K. Angle ("Angle"); St. Clair P. Guess, III ("Guess"); William F. Schwarz ("Schwarz"); and Robert W. McManus ("McManus") move to dismiss the complaint on grounds of insufficient service of process, lack of personal jurisdiction, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), respectively. Before the Court are Defendants' motion to dismiss (Doc. 8) and brief in support (Doc. 9), Plaintiff's response in opposition (Doc. 13), and Defendants' reply (Doc. 14).[1] For the reasons stated herein, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I. Background**

On September 18, 2012, Plaintiff filed a complaint (Doc. 1) in this Court, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §

---

[1] The Court has considered Defendants' reply even though it was filed without leave of court. *See* Local Rule 7.2(b) (indicating that the only reply that may be filed without leave of Court is a reply to a response to a motion for summary judgment).

621, and a claim of negligent supervision under Arkansas common law. Defendants include two domestic entities—Tankinetics and Strand—as well as four individuals who served in various capacities as owners, directors, and officers of Tankinetics and/or Strand. As to the entities, Plaintiff alleges that Tankinetics is the "principal" of "Agent Separate Defendant Strand." (Doc. 1, p. 3). Defendant Angle is alleged to be the owner and President of Tankinetics, and the owner and Chairman of the Board of Strand. Defendant Guess is alleged to be a director and President of Strand. Defendant Schwarz was Plaintiff's immediate supervisor, and is alleged to be a director and Vice-President of Tankinetics and a director, Executive Vice-President, and Chief Financial Officer of Strand. Finally, Defendant McManus is alleged to be a Vice-President of Strand. The Court notes that Plaintiff's general allegations refer to all six Defendants collectively as her employer, which causes some confusion. It is unclear whether Tankinetics or Strand was Plaintiff's direct employer, although the Equal Employment Opportunity Commission's Right-to-Sue letter lists Strand as a recipient.

The relevant facts, as alleged by Plaintiff in the complaint, are as follows: Plaintiff Helen Woolbright is a 62-year-old woman who worked for Defendants in a variety of positions from July 7, 1997, until April 11, 2011. She began working as an accounting clerk and was later moved to perform duties in both the Human Resources and Accounting departments. Her last position was Human Resources Director and Payroll Coordinator, at a pay rate of $60,000 per year. On March 1, 2011, Defendants hired 47-year-old Jim Johnson at a pay rate of $85,000 per year to act as the Manager of Corporate Finance. He began performing some of Plaintiff's duties in the Human Resources and Accounting departments.

Upon returning from vacation on April 11, 2011, Plaintiff—who was 60 years old at the

time—was approached by Guess and Schwarz. Guess and Schwarz proceeded to inform Plaintiff that her position was being eliminated due to financial reasons and the "other girls" would fulfill her duties. Since that time, Mr. Johnson, Dina Green (age 49) and Dana Lisk (age 49) have assumed Plaintiff's duties. Graham Keymer ("Keymer"), another employee, told Tex Pickron, another former employee, that Keymer was instructed by Defendants' management to terminate "old hands."

Defendants move to dismiss the complaint on the following grounds: (1) Defendants Angle and McManus were not properly served with process; (2) this Court lacks personal jurisdiction over Angle and McManus; (3) Plaintiff failed to state a claim for relief against the individual defendants and Tankinetics under the ADEA; and (4) Plaintiff failed to state a claim for relief for negligent supervision under Arkansas common law.[2] Plaintiff responded in opposition, maintaining that the complaint sufficiently sets forth a cause of action for negligent supervision and asserting that Defendants are requesting premature relief, individuals may be held liable under the ADEA, and Tankinetics is liable under the ADEA because it is an "integrated enterprise" with Strand. The Court's discussion below begins with Defendants' threshold challenges to service of process and personal jurisdiction, and then addresses the sufficiency of Plaintiff's allegations.

## II. Discussion

### A. Insufficient Service of Process under Rule 12(b)(4)

Defendants seek dismissal of all claims against Angle and McManus due to ineffective service of process, as Plaintiff attempted to serve each of them via certified mail at a former address,

---

[2] In the introductory paragraph of Defendants' brief in support of their motion, Defendants also allege Plaintiff's claim should be dismissed as untimely. However, this argument is not developed any further in the brief and is not mentioned in the motion itself, so the Court will not address it here.

without delivery restricted. Service of process by certified mail of a pleading must comply with Rule 4 of the Arkansas Rules of Civil Procedure (Local Rule 4.1(b)), which requires delivery to be restricted to the addressee or an agent thereof who is specifically authorized in writing as the addressee's agent to receive mail. Ark. R. Civ. P. 4(e)(3), (d)(8)(A)(i); *Wilburn v. Keenan Cos.*, 768 S.W.2d 531, 532 (Ark. 1989) ("[T]he term 'restricted delivery' denotes a very specific delivery procedure within the postal service. ARCP Rule 4(e)(3) requires the use of that procedure if service is to be made by mail."). "It is the plaintiff's burden to prove proper service once it is contested." *Brinkley v. City of Helena-West Helena*, 2012 U.S. Dist. LEXIS 151281, at *8 (E.D. Ark. Oct. 22, 2012).

The Court finds that Plaintiff did not effect proper service on Angle or McManus. Nothing in the record indicates that Plaintiff complied with the proper procedure for serving an out-of-state defendant by mail, or that these Defendants otherwise waived service. Plaintiff did not file the required affidavit of proof of service for either Angle or McManus, nor did she file a copy of the return receipt for service on Angle. *See* Fed. R. Civ. P. 4(l)(1) (requiring proof of service to the court); Local Rule 4.1(c) (requiring an affidavit reflecting completion of service and a copy of the return receipt when service is made by certified mail). Both Angle and McManus provided affidavits stating that they received notice of the lawsuit from their ex-wives and that they do not consent to jurisdiction or waive service. Although Plaintiff filed a response to Defendants' motion to dismiss, Plaintiff failed to even address Defendants' argument regarding insufficient service of process. There is no evidence that Plaintiff directed the mail to be sent with restricted delivery, nor is there evidence that the mail was received and signed for by an authorized agent. Furthermore, McManus affirmatively states that his ex-wife, whose signature appears on the return receipt, is not

his agent and was not authorized to accept service on his behalf. (Doc. 9-3).

Accordingly, Defendants' motion to dismiss for insufficient service of process will be granted as to Angle and McManus. Were it not for incurable defects in Plaintiff's claims on other grounds, the Court would give Plaintiff leave to attempt to cure the defects in service of process. However, since the claims against Angle and McManus are fatally flawed on other grounds, granting Plaintiff leave to cure would be futile.

### B. Lack of Personal Jurisdiction under Rule 12(b)(2)

Defendants also move for dismissal of all claims against Angle and McManus due to lack of personal jurisdiction. "To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)) (internal quotations and alterations omitted). The court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). When jurisdiction is challenged, the plaintiff has the burden of proving sufficient facts to support a prima facie showing of personal jurisdiction. *Wells Dairy*, 607 F.3d at 518. "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Id.*

For this Court to have personal jurisdiction over a non-resident defendant, the defendant must be within reach of Arkansas' long-arm statute, and the exercise of jurisdiction must comport with constitutional due process. *Wells Dairy*, 607 F.3d at 518. Arkansas' long-arm statute allows

jurisdiction to the maximum extent permitted by due process, so the main inquiry is whether the exercise of jurisdiction is constitutionally valid. *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011). "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). A defendant's contacts with the forum must arise because the defendant has 'purposefully availed' itself of the privilege of conducting activities in the state." *Pangaea*, 647 F.3d at 745.

Personal jurisdiction may be based on either conduct by the defendant in the forum state that gives rise to the cause of action (specific jurisdiction), or the defendant's general contacts with the forum state (general jurisdiction). *Id.* General jurisdiction refers to the power of a court to hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state such that it is fair to require the defendant to litigate there, even though the suit is unrelated to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Specific jurisdiction exists when a defendant purposefully directs its activities at the forum state, and the lawsuit "relates to" or "arises from" those activities. *Johnson v. Arden*, 614 F.3d 785, 794–95 (8th Cir. 2010). "The exercise of specific jurisdiction requires less contact both in the quantity and quality with the forum state because the conflict itself has some connection to the forum state." *Capital Equip., Inc. v. CNH America, LLC*, 394 F. Supp. 2d 1054, 1055 (W.D. Ark. 2005).

To determine whether the constitutional threshold for either general or specific personal jurisdiction has been met, the Eighth Circuit analyzes the following factors: (1) the nature and

quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. *Id.* "The first three factors are considered primary; the latter two are of secondary importance," and the third factor only applies to specific jurisdiction inquiries. *Id.* However, "[the court] must look at all of the factors in the aggregate and examine the totality of the circumstances in making a personal jurisdiction determination." *Johnson*, 614 F.3d at 794–95.

In the complaint, Plaintiff does not assert that either general or specific jurisdiction exists. Rather, Plaintiff alleges this Court has jurisdiction over Angle and McManus "as 'persons' under 29 U.S.C. § 630(a), and 'agents' of [Tankinetics and Strand] under 29 U.S.C. § 630(a)(1)."[3] (Doc. 1, p. 2). Section 630(b) defines an "employer" for the purposes of determining who may be liable under the ADEA. The Court rejects the implication that defining an employer for ADEA purposes can confer personal jurisdiction over a defendant. ADEA liability and personal jurisdiction are separate issues, and an individual's status as an officer or director of a corporation that is subject to personal jurisdiction does not automatically confer personal jurisdiction over the individual. *See Keeton v. Hustler Magazine*, 465 U.S. 770, 781, n.13 (1984) (noting that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him" and emphasizing, "[e]ach defendant's contacts with the forum State must be assessed individually"). The only other allegation in the complaint relevant to jurisdiction is the general assertion that Angle and McManus "conducted business" in Arkansas. Aside from the foregoing, Plaintiff failed to allege or even argue that personal jurisdiction exists over Angle and McManus.

---

[3] As there is no § 630(a)(1), the Court assumes Plaintiff is referring to § 630(b)(1).

After reviewing the pleadings, affidavits, and attachments filed by the parties, the Court concludes that Plaintiff failed to allege that either Angle or McManus has sufficient contacts with Arkansas to support the exercise of general personal jurisdiction. Angle is a Washington citizen who resides and is domiciled in that State, owns no real property in Arkansas, and has no bank accounts in Arkansas. His known contacts with Arkansas are his former associations with Strand (as a director and shareholder) and Tankinetics (as president), and his brief time visiting the State in the last year. McManus is a resident of Georgia whose only known contact with Arkansas is his former position as vice president of Strand. There is no proof that McManus had any direct contacts with Arkansas, and the only proof that Angle had direct contact is his own statement that he briefly visited in the past year. The evidence presented shows that Angle and McManus only "conducted business" in Arkansas indirectly in their capacities as agents or employees of Strand and/or Tankinetics, not in their individual capacities. The derivative nature of these limited contacts falls far short of the required "continuous and systematic" nature sufficient to justify general jurisdiction.

Additionally, the Court finds that Plaintiff has failed to allege and prove any jurisdictional facts connecting either Angle or McManus to the events giving rise to this lawsuit, and therefore there is no basis for specific jurisdiction. Guess avers that he alone made the decision to discharge Plaintiff and terminate her position, and neither Angle nor McManus were involved in that decision. (Doc. 8-1, p. 2). Also, Angle and McManus each state that they had no role in the discharge of Plaintiff and neither Defendant was aware of the discharge until after it happened. Plaintiff submitted no proof to indicate otherwise. Therefore the Court must conclude, on the strength of Defendants' uncontroverted declarations, that Angle and McManus were not involved in the

decision to terminate Plaintiff's employment. *See Wells Dairy*, 607 F.3d at 518 ("If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction."). The only factual connection between Plaintiff and these Defendants is that Angle and McManus—among others—were officers or otherwise agents of Plaintiff's employer. This connection, without more, does not provide a sufficient legal connection to confer jurisdiction. *See Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 943 F. Supp. 1117, 1125 (D. Minn. 1996) ("Assuming [defendant corporate officer] could be individually liable *if* he personally directed fraudulent corporate actions, [the court] cannot assert jurisdiction over him without allegations that he in fact did so or other evidence of minimum contacts with the forum."); *Lane v. Lucent Tech.*, 388 F. Supp. 2d 590, 594 (M.D. N.C. 2005) (finding no specific personal jurisdiction over employer's human resources representative in an ADEA/Title VII case, where defendant's only connection to the claims was that she was the employee who responded to the plaintiff's internal discrimination claims and the plaintiff's EEOC charges).

Although Plaintiff failed to offer any affidavits or supporting factual information in her response to Defendants' motion, Plaintiff contends that the motion seeks premature relief and should be denied or deferred to allow time for discovery. Jurisdictional discovery is properly denied "'when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever*, 380 F.3d at 1074 n.1). The Court finds that Plaintiff has not alleged more than mere speculation as to Angle's and McManus's contacts with Arkansas. Plaintiff has provided no documentary evidence that supports a claim of personal jurisdiction over these two defendants. *Cf. Steinbuch v. Cutler*, 518 F.3d 580, 588–89 (8th Cir. 2008) (holding district court's refusal to allow

jurisdictional discovery was abuse of discretion where plaintiff had "offered documentary evidence, and not merely speculations or conclusory allegations"). For these reasons, Plaintiff's request for limited jurisdictional discovery is without merit and will be denied.

In sum, the Court finds that Plaintiff has failed to make a prima facie showing that Angle and McManus each have sufficient contacts with Arkansas to support this Court's exercise of personal jurisdiction. Not only did Plaintiff fail to assert a legitimate basis for personal jurisdiction in the complaint, but Plaintiff did not even attempt to argue that jurisdiction is proper after Defendants raised the issue. Plaintiff has wholly failed to come forward with any facts from which the Court could conclude that personal jurisdiction exists. Thus, the Court concludes that it would violate due process to exercise personal jurisdiction over Angle and McManus solely on the basis of their limited and attenuated contacts with Arkansas. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction over Angle and McManus is granted, and the case should be dismissed without prejudice as to these Defendants.

### C. Failure to State a Claim under Rule 12(b)(6)

The complaint alleges two counts: Count I alleges age discrimination under the ADEA against Defendants collectively, and Count II alleges a negligent supervision claim against Tankinetics and Strand. Defendants move for dismissal for failure to state a claim for relief under the ADEA against Tankinetics and the individual Defendants, and failure to state a claim for relief as to the common law claim of negligent supervision. In response, Plaintiff argues Tankinetics is an employer because it is an "integrated enterprise" with Strand, statutory construction of the ADEA imposes liability on individual Defendants, and her complaint sufficiently states a claim for negligent supervision. The Court discusses the sufficiency of each claim below.

A pleading that states a claim for relief must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides an avenue for dismissal of a pleading on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a 12(b)(6) motion, a court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The court is to consider only the pleadings and "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (internal quotation omitted). Accordingly, the Court's analysis of Defendants' arguments for dismissal under Rule 12(b)(6) is limited to a review of the complaint and the attached exhibits, which include an affidavit submitted by Tex Pickron (Exhibit 1, Doc. 1-1) and Plaintiff's EEOC Right-to-Sue letter (Exhibit 2, Doc. 1-2). The other affidavits and materials submitted in support of Defendants' motion to dismiss on grounds of insufficient service of process and lack of personal jurisdiction were not considered.

### *1. ADEA*

Defendants seek to dismiss Plaintiff's ADEA claims against Tankinetics and the individual Defendants because they are not "employers" subject to ADEA liability. Under the ADEA, only

"employers" are prohibited from discriminating against an employee on the basis of age. 29 U.S.C. § 623(a). Thus, to state facts necessary to a potential finding of liability, a plaintiff must assert that the defendants were "employers" as defined by the statute. The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [and] any agent of such person." 29 U.S.C. § 630(b).

Plaintiff alleges that Tankinetics is an employer, as defined by the ADEA, and the "principal of Agent Separate Defendant Strand." (Doc. 1, p. 2). She also alleges that she worked for "Defendants" collectively. Defendants admit that Tankinetics is *an* employer under the ADEA, but they argue Tankinetics was not *Plaintiff's* employer and therefore cannot be held liable. Defendants further argue that there are no allegations Tankinetics directed or influenced Strand to discharge Plaintiff. (Doc. 9, p. 7). As explained above, when ruling on a motion to dismiss under Rule 12(b)(6), the Court is limited to examining the complaint to determine whether sufficient facts have been set forth by Plaintiff that, if proven true, would entitle the plaintiff to relief. Any further inquiry into the factual or legal sufficiency of such allegations is not appropriate at this time. Whether Tankinetics was actually Plaintiff's employer—either directly or through an agency relationship with Strand—and whether Tankinetics affected Plaintiff's termination in any way are factual disputes that are potentially relevant at the summary judgment or trial stage of the proceedings. For now, the Court cannot and will not engage in an analysis of disputed facts, and instead must assume the facts as stated by Plaintiff to be true. Therefore, solely for the purpose of ruling on Defendants' motion to dismiss under Rule 12(b)(6), the Court will assume Tankinetics was Plaintiff's employer. Based on this assumption, Tankinetics fits within the statutory definition of

an "employer," and therefore Plaintiff has stated a plausible claim for relief under the ADEA against Tankinetics.

In the second part of their argument for dismissal of Plaintiff's ADEA claims, Defendants assert that the individual Defendants are not liable as "employers" because individuals cannot be held personally liable under the ADEA. In the complaint, Plaintiff alleges that the individual Defendants are liable as agents of her employer under § 630(b). She further alleges that each individual defendant had the ability to make personnel decisions and is an "employer" under the ADEA. (Doc. 1, pp. 2–3). After reviewing the complaint and relevant case law, the Court concludes that Plaintiff failed to state a plausible claim under the ADEA against the individual Defendants because individuals cannot be held personally liable under the ADEA.

Plaintiff argues that statutory construction of the ADEA imposes liability on individual agents of an employer. The Eighth Circuit has not specifically ruled on individual liability under the ADEA, but it has explicitly held that supervisors may not be held individually liable under Title VII, a similar federal discrimination statute. *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691–692 (8th Cir. 1997) (per curiam). As Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Inst. Tech.*, 55 F.3d 377, 380 (8th Cir. 1995), it is likely that the Eighth Circuit would follow the majority rule. *Accord Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("Although the Eighth Circuit has yet to definitely state that . . . individual liability cannot be imposed under . . . the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made."). Plaintiff has failed to cite any convincing legal authority or argument in support of her proposition, or to otherwise indicate that the Eighth Circuit would hold individuals personally liable under the ADEA,

but not Title VII. The Court finds Plaintiff's interpretation of the ADEA untenable, and agrees with the majority rule that liability under the ADEA cannot attach to individuals in their personal capacities. *See, e.g.*, *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) ("[W]e read § 630(b) as an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer."); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (referring to the numerosity requirement and noting, "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees"); *see also Young-Parker v. AT&T Mobility, LLC*, 2009 U.S. Dist. LEXIS 40472, at *1 (E.D. Ark. Apr. 29, 2009) ("Plaintiff's . . . ADEA claims against [defendant] fail as supervisors are not individually liable under . . . the ADEA.").

Because the Court concludes that individuals are not subject to liability under the ADEA, the Court finds that the complaint fails to state a plausible claim under the ADEA against Defendants Guess and Schwarz.[4] Accordingly, the Court grants the motion to dismiss as to the ADEA claims against these Defendants.

### 2. Negligent Supervision

Defendants argue Plaintiff failed to state a claim for negligent supervision. In the complaint, Plaintiff alleges that Tankinetics and Strand are liable for their negligent supervision of Guess,

---

[4] As the Court has determined that it lacks personal jurisdiction over Defendants Angle and McManus, the Court's ruling is confined to the individual defendants over whom the Court has jurisdiction. However, if the Court did have personal jurisdiction over Angle and McManus, the Court would analogously dismiss the ADEA claims against them on grounds that the ADEA does not permit individual liability.

Schwarz, and McManus. Under Arkansas law, an employer is subject to direct liability for the negligent supervision of "unfit, incompetent, or unsuitable employees" whose tortious conduct injures a third party. *Sparks Reg'l Med. Ctr. v. Smith*, 976 S.W.2d 396, 397 (Ark. Ct. App. 1998) (quoting 27 Am. Jur. 2d *Employment Relationship* § 472 (1996)). However, an employer is not liable for negligently supervising an employee whose conduct is outside the scope of the employment unless the employee's conduct was foreseeable to the employer. *Regions Bank & Trust v. Stone Cnty. Skilled Nursing Facility, Inc.*, 49 S.W.3d 107, 115 (Ark. 2001). An employer's liability "rests upon proof that the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm." *Madden v. Aldrich*, 58 S.W.3d 342, 350 (Ark. 2001). Therefore, to state a cause of action for negligent supervision, a plaintiff must plead and prove that the employer had some form of notice that the employee posed a danger to others. *Regions Bank*, 49 S.W.3d at 116.

Here, the complaint includes the following allegations as to Plaintiff's negligent supervision claim: Tankinetics and Strand owed a duty to Plaintiff to properly supervise its officers and management; they "would have . . . known that [Guess, Schwarz, and McManus] are an unreasonable risk of harm to third parties through misrepresentations to their employees, and instruction to illegally discriminate against older employees;" Tankinetics and Strand breached their duty by failing to conduct performance reviews and "failing to take corrective action when employees made oral misrepresentations and gave instruction to illegally discriminate against older workers;" and "Plaintiff suffered unjust results from Defendants' oral misrepresentations and an adverse employment action" from the alleged failure to supervise. (Doc. 1, p. 6).

The foregoing allegations do not state a plausible claim that Tankinetics and Strand were

negligent in supervising Guess, Schwarz, or McManus. Furthermore, it is unclear what tortious act Plaintiff is alleging that Guess, Schwarz, or McManus committed that could subject Tankinetics and Strand to liability for negligent supervision. In Arkansas, only an employee's *tortious* conduct can subject an employer to liability for failure to supervise. *See, e.g.*, *Madden*, 58 S.W.3d at 353 (Ark. 2001) (actual fraud); *Regions Bank*, 49 S.W.3d at 116 (sexual assault); *Am. Auto. Auction, Inc. v. Titsworth*, 730 S.W.2d 499, 501 (Ark. 1987) (assault and battery); *see also Montize v. Pittman Props Ltd. P'ship No. 1*, 719 F. Supp. 2d 1052, 1057 (W.D. Ark. 2010) (applying Arkansas law and dismissing claim where Plaintiff failed to plead a tortious act). Plaintiff refers vaguely to "misrepresentations," (Doc. 1, p. 6); however, this mere reference is insufficient to allege any tortious conduct. The complaint fails to allege any tortious conduct at all, and therefore there is no basis for the employer's liability on this claim.

In support of her argument that she has sufficiently pleaded a claim of negligent supervision, Plaintiff contends the Supreme Court case of *United States v. Burke*, 504 U.S. 229, 239 (1992), stands for the proposition that "facts plead [sic] by a plaintiff asserting his legal rights were violated by a defendant and he is entitled to compensatory damages is enough for a tort claim." (Doc. 13, p. 4). The Court finds Plaintiff's reliance on *Burke* is misplaced. In *Burke*, the Supreme Court held that for tax purposes, damages received in settlement of a Title VII claim are not excludable from gross income. *Burke*, 504 U.S. at 242. The issue was whether such damages qualified for special exclusion from gross income under 26 U.S.C. § 104(a) as "damages received . . . on account of personal injuries . . . ." *Id.* at 234. The Court fails to see how *Burke* has any relevance to this Court's consideration of whether the facts alleged in the complaint sufficiently state a claim for negligent supervision under Arkansas common law.

Furthermore, the complaint does not allege sufficient facts to indicate that Tankinetics and Strand had any prior notice that Guess, Schwarz, or McManus would act in a way that would subject third parties to an unreasonable risk of harm. Without alleging that an employer knew or should have known that its employee's conduct posed an unreasonable risk of harm to others, Plaintiff cannot sustain a cause of action for negligent supervision. *See Regions Bank*, 49 S.W.3d at 116 (rejecting a claim for negligent supervision of an employee where the employee was a newly hired and untrained nurse's aide who sexually assaulted a semicomatose female patient, because there was no notice that the employee posed such a danger and the act was not foreseeable); *Porter v. Harshfield*, 948 S.W.2d 83 (Ark. 1997) (upholding summary judgment for employer on a negligent retention claim, where the plaintiff failed to present proof that the employer was on notice that a radiology technician might commit a sexual assault against a patient).

There are no allegations that indicate an employee's tortious conduct caused Plaintiff harm, nor are there any allegations that Tankinetics and Strand had any information that would have led them to conclude that any employee posed a risk of such harm. Furthermore, Plaintiff failed to sufficiently plead proximate cause or damages. Therefore, the Court must dismiss Plaintiff's negligent supervision claim.

## III. Conclusion

For the foregoing reasons, the Court will: (1) grant Defendants' motion to dismiss for insufficient service of process and lack of personal jurisdiction as to Defendants Angle and McManus; (2) grant Defendants' motion to dismiss for failure to state a claim under the ADEA as to Defendants Schwarz and Guess only, and deny it as to Defendant Tankinetics; and (3) grant Defendants' motion to dismiss Plaintiff's negligent supervision claim as to all Defendants, as

Plaintiff has failed to state a claim for relief under Arkansas common law. Although Plaintiff's response included a cursory request for leave to amend the complaint to properly plead a cause of action, the request fails to comply with Local Rule 5.5(e), and therefore the request is denied. Accordingly, Defendants Angle, McManus, Guess, and Schwarz should be dismissed as parties to this action, as the Court lacks jurisdiction over Angle and McManus and there are no remaining claims asserted against Guess or Schwarz. Plaintiff's claims against Defendants Tankinetics and Strand for age discrimination under the ADEA remain.

IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. 8) should be GRANTED in part and DENIED in part. Defendants' motion to dismiss the complaint as to Defendants Angle and McManus is GRANTED for insufficient service of process and lack of personal jurisdiction, and this action is DISMISSED WITHOUT PREJUDICE as to Defendants Angle and McManus.

IT IS FURTHER ORDERED that Defendants' motion to dismiss Count I of the complaint for failure to state a claim for relief under the ADEA is GRANTED as to Defendants Guess and Schwarz, and DENIED as to Defendant Tankinetics.

IT IS FURTHER ORDERED that Defendants' motion to dismiss Count II of the complaint for failure to state a claim for relief under the Arkansas common law of negligent supervision is GRANTED, and the claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 25th day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE