IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HELEN WOOLBRIGHT                                                    PLAINTIFF

v.                                    Case No. 3:12-CV-03123

TANKINETICS, INC. and STRAND
COMPOSITE ENGINEERING &
CONSTRUCTION, LLC                                                  DEFENDANTS

## OPINION AND ORDER

This matter arises out of Plaintiff Helen Woolbright's allegations of employment discrimination against her former employer. Currently before the Court are a motion for summary judgment (Doc. 22) and supporting documents (Docs. 23 and 24) filed by Defendants Tankinetics, Inc. ("Tankinetics") and Strand Composite Engineering & Construction, LLC ("Strand"). Plaintiff has filed a response in opposition (Doc. 26) and a statement of facts in dispute (Doc. 27), to which Defendants have replied (Docs. 28 and 29). For the reasons stated herein, Defendants' motion for summary judgment is GRANTED.

## I.      BACKGROUND

Plaintiff Helen Woolbright was discharged from her job at Strand on April 11, 2011. She was 60 years old at the time. In her complaint, Plaintiff alleges that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and that Strand and Tankinetics are both liable as her employer. Defendants contend that Plaintiff was discharged for a legitimate non-discriminatory reason, namely that as part of a plan to reduce overhead and increase profitability, Plaintiff's position was eliminated and her job duties were reassigned to other employees. Defendants further contend that Tankinetics was not Plaintiff's

-1-

employer at the time of discharge and otherwise had no role in the employment decision.

To the extent that Plaintiff, in responding to Defendants' motion or statement of undisputed facts, has relied on speculation, denials, or allegations, without a proper basis in fact or clear citation to facts already in the record, the Court will view such facts as essentially undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). To the extent they are relevant, those facts not specifically controverted by Plaintiff will be deemed to have been admitted pursuant to Local Rule 56.1. Where Plaintiff has provided some basis in fact or in the record, however, the Court has made all inferences in her favor, as is appropriate when making a summary judgment determination. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212–13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)).

Plaintiff was originally hired by Tankinetics on July 7, 1997, as an assistant in the Accounting Department.  At that time, Tankinetics was in the business of making fiberglass tanks, fiberglass ducting pipe, mobility boxes, and rapid runway mats.  George Angle, a majority shareholder of Tankinetics, hired St. Clair Guess, III to be President of Tankinetics in February of 2009.  Guess was hired to increase profits and grow the company.  However, Guess did not believe he could grow Tankinetics.  He and Angle decided the best option was to create a new company—Strand—to build the fiberglass reinforced tanks.  After Strand was created in 2010, Guess resigned his position at Tankinetics and became the President and General Manager of Strand. That same year, Plaintiff was transitioned from being an employee of Tankinetics to being an employee of Strand.

Prior to her termination, Plaintiff earned an annual salary of $60,000 as the Human Resources Director and Office Manager for Strand.  She performed a variety of administrative and clerical tasks in both the Human Resources and Accounting Departments, and reported directly to William Schwarz, Strand's CFO.  Plaintiff was the only person in Strand's Human Resources Department, but the Accounting Department included at least three other employees: Jim Johnson, Manager of Corporate Finance; Dina Greene, who handled accounts payable; and Dana Lisk, a degreed accountant.

Guess, accompanied by Schwarz, approached Plaintiff after work on April 11, 2011.  Guess told Plaintiff that they needed to talk to her and had some bad news.  He informed Plaintiff that the company was having money problems and her position was going to be eliminated.  He offered her severance pay and explained that her job duties would be redistributed to other employees.   After Plaintiff's termination, the Human Resources Department was eliminated and Guess, Schwarz, Johnson, Greene, and Lisk each assumed some of Plaintiff's duties in addition to their own job responsibilities.  Specifically, Guess took over Plaintiff's human resources duties; Schwarz assumed her office management duties; Schwarz, and then Johnson, took over management of employee benefits; and Schwarz, Johnson, Greene, and Lisk all took on responsibility for personnel files and processing payroll.  At the time, Guess was 57, Schwarz was 70 years old, and Johnson, Greene, and Lisk were each 48 years old.

## II.    LEGAL STANDARD

The standard of review for summary judgment is well established.  Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada*, 135 F.3d at 1212–13.  The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

The case at bar involves a claim of discrimination in the workplace.  The Court observes that "[w]hile employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment, and there is no separate summary judgment standard for employment discrimination cases." *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010).  A plaintiff can survive summary judgment on an age discrimination claim "either by providing direct evidence of discrimination or by creating an inference of unlawful

discrimination" using circumstantial evidence. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012). When a plaintiff relies on circumstantial evidence to prove age discrimination based on disparate treatment, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011) (citations omitted). Under this framework, "the plaintiff initially has the burden to establish a prima facie case of discrimination." *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007). Once this burden is met, a rebuttable presumption of discrimination arises. *Id.* The burden then shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* "If the defendant provides such a reason, the presumption disappears, and the burden shifts back to the plaintiff to show that the proffered reason was pretext for age discrimination. At all times, the ultimate burden of persuasion is on the plaintiff." *Id.* (citations omitted).

## III.   DISCUSSION

Defendants argue that Tankinetics is entitled to summary judgment because Tankinetics had no role in Plaintiff's discharge and that Strand is entitled to summary judgment because (1) there are no facts from which a reasonable juror could infer age discrimination, and (2) Plaintiff cannot establish causation. In response, Plaintiff argues that she has produced direct evidence in support of her age discrimination claim and has established a prima facie case of age discrimination, and therefore summary judgment is inappropriate. She further contends that Tankinetics is liable based on an agency relationship with Strand or because Tankinetics and Strand were an "integrated enterprise."

In the employment discrimination context, direct evidence is that which shows "a specific

link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Bone*, 686 F.3d at 593 (internal quotation omitted).  Such evidence "may include evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions." *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009) (internal quotations and citations omitted).  However, "stray remarks in the workplace, statements by nondecisionmakers, and statements by decisionmakers unrelated to the decisional process do not constitute direct evidence." *Id.*

Plaintiff maintains that she has presented direct evidence of age discrimination in the form of remarks by Guess that reflect a discriminatory attitude and animus.  The only evidence offered concerning these remarks is the affidavit of Ron Perry, a former employee of both Tankinetics and Strand.  Perry avers, among other things, that Guess made age-related comments to him about other employees.

The Court finds that Perry's testimony does not create a genuine dispute as to any material fact because the statements in Perry's affidavit contradict Plaintiff's earlier sworn testimony.  "It is well-established that parties to summary judgment cannot create sham issues of fact in an effort to defeat summary judgment and . . . a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." *Marathon Ashland Petroleum, LLC v. International Brotherhood of Teamsters, Local 120*, 300 F.3d 945, 951 (8th Cir. 2002) (internal quotations omitted); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) (noting that a plaintiff cannot avoid summary judgment by offering the affidavit of another

-6-

person if that person's testimony contradicts the plaintiff's own earlier testimony).  Here, Plaintiff testified in her deposition that there were never any age-related comments made (Doc. 22-3, p.19).  Plaintiff cannot revise her own testimony by raising new allegations of discriminatory statements through another person's affidavit.

Aside from Perry's affidavit, Plaintiff presents no direct evidence of intentional age discrimination.[1]  Therefore, to succeed on her ADEA claim, Plaintiff must create an inference of unlawful discrimination based on circumstantial evidence.

To satisfy the prima facie case of age discrimination in a typical termination scenario, a plaintiff must show he or she was: (1) over 40 years old; (2) qualified for the position; (3) discharged from employment; and (4) replaced by someone sufficiently younger to permit an inference of age discrimination.  *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).  The fourth prong of the prima facie case is altered in reduction-in-force cases, where the plaintiff was laid off[2] and his or her duties were either eliminated or redistributed to remaining workers.  *Rahlf*, 642 F.3d at 637.  Where there has been a reduction in force, the plaintiff must provide "some additional evidence that age was a factor in the employer's termination decision."  *Id.*

---

[1] Furthermore, prior to Plaintiff's proffer of Perry's affidavit, the only alleged discriminatory statement raised in this case was Plaintiff's averment that another former employee, Tex Pickron, was told by Graham Keymer, a manager at Strand, that Keymer was instructed to terminate "old hands."  (Doc. 1, ¶ 12).  Plaintiff does not argue that Keymer's comment regarding terminating the "old hands" constitutes direct evidence.  Even if she did, the Court finds this comment is merely a stray remark that does not count as direct evidence.

[2] Plaintiff testifies that she was not "laid off" because she had no expectation of returning to employment with Strand.  (Doc. 22-2, p. 30).  However, her interpretation of being "laid off" holds no legal significance.  In the context of discussing Plaintiff's age discrimination claim, the Court interprets the phrase "laid off" to indicate termination from employment due to a reduction in force.

In this case, it is undisputed that Plaintiff's employment with Strand was terminated, and she was over 40 years old at the time. Further, Defendants do not challenge Plaintiff's qualification for her prior position. The Court therefore presumes that Plaintiff has made a sufficient showing with regard to the first three elements of a prima facie case of age discrimination. At issue is whether Plaintiff has shown that she was replaced by a younger employee or that some evidence exists to indicate that age was a factor in the employer's termination decision. The Court concludes Plaintiff has failed to make this showing.

Plaintiff contends that the fourth element is met because she was replaced with younger employees. This assertion contradicts the evidence, including Plaintiff's own testimony that her job duties were assumed by other employees who were already employed by Strand, and Plaintiff was unaware of Strand hiring anyone to replace her. (Doc. 22-3, pp. 20–22). The evidence provided to the Court shows that Plaintiff's position was eliminated and her various duties were reassigned to remaining employees. Because of this, Plaintiff must provide "some additional evidence that age was a factor" in her discharge. Although this is a very low standard, Plaintiff failed to meet it.

Plaintiff has submitted virtually no evidence to support her contention that age played a part in her termination. The only affidavit attached to her response in opposition to Defendants' motion is that of Ron Perry, which the Court has determined to be a sham affidavit. Plaintiff's only proof of her age discrimination claim is that she was older than some of the employees who absorbed her former duties. She testified that this fact, by itself, is evidence that the company terminated her employment due to her age because she did her job, dedicated a lot of hours to the company, and was never told that she did not perform her job correctly. (Doc. 22-3, p. 29). This, without more, does not indicate that age was a factor in the decision to discharge Plaintiff from employment. *Ward*

*v. Int'l Paper Co.*, 509 F.3d 457, 461 (8th Cir. 2007) ("That a younger employee assumed some of plaintiff's duties does not establish a prima facie case because often at least one younger worker receives some of plaintiff's duties.").

Assuming *arguendo* that Plaintiff has established a prima facie case of age discrimination, Defendants would still be entitled to summary judgment because Plaintiff failed to show that Defendants' legitimate, non-discriminatory reason for Plaintiff's termination was mere pretext. Defendants' stated reason for eliminating her position was to cut expenses as part of Strand's general goal of increasing profitability. To substantiate this reason, Defendants submit the following evidence: the second affidavit of Guess (Doc. 22-1); the affidavit of Schwarz (Doc. 22-2); excerpts and exhibits from the deposition of Plaintiff (Doc. 22-3); and excerpts from the deposition of Tex Pickron, another former employee of Strand (Doc. 22-4). Guess explains that layoffs were necessary to reduce Strand's overhead and make the company more profitable. He further avers that Strand laid off approximately 15 employees in 2011, and at least 13 of those employees were younger than Plaintiff. With regard to Plaintiff, Guess determined—and Schwarz agreed—that she made a high salary relative to what she did. By eliminating her position and redistributing her duties to other Strand employees, Strand could save Plaintiff's $60,000 per year salary and benefits, while still accomplishing the work. This is a legitimate, non-discriminatory justification for Plaintiff's termination. *See Floyd v. Mo. Dep't of Social Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir.1999) ("The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the evidence.").

Because Defendants have articulated a legitimate, non-discriminatory reason for Plaintiff's termination, the burden shifts back to Plaintiff. To avoid summary judgment, Plaintiff must present

evidence that creates a genuine dispute of material fact as to whether Defendants' proffered reason is pretext and that creates a reasonable inference that age was a determinative factor in the decision to discharge Plaintiff. *Rahlf*, 642 F.3d at 638. At this stage of the analysis, "the factual inquiry proceeds to a new level of specificity." *Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (quoting *USPS Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)). After reviewing the record before the Court, it is clear that Plaintiff failed to meet this burden.

Plaintiff's arguments in favor of pretext are twofold. First, she argues that there was no need for Strand to cut expenses. To support this contention, Plaintiff points out that Strand hired two new employees, Clint Broome in 2010 and Jim Johnson in March of 2011, and paid them annual salaries of $80,000 and $85,000, respectively. She also states that Guess's own salary was never reduced, bonuses were distributed, and according to Guess's testimony, sales were around $20 million in December of 2011. This evidence does not support an inference that Strand's reduction in force was pretextual. *See Rahlf*, 642 F.3d at 638–39. ("When a company exercises its business judgment in deciding to reduce its work force, it need not provide evidence of financial distress to make it a legitimate RIF.") (internal quotations and citations omitted). For example, Guess testified that "[w]e reorganized the—the facility to be able to produce a lot more at one time than it ever had before, and the orders on the books, I believe, when PMS came to look at the company, may have been in the range of $20 million."[3] (Doc. 26-2, p. 3). The Court does not see how increased production—and, presumably, increased sales—eight months after Plaintiff's termination could support an inference that Defendants' proffered reason was pretext for age discrimination.

---

[3] "PMS" refers to the company Plant Maintenance Services, which purchased Strand on March 1, 2012.

Second, Plaintiff argues that Defendants have provided contradictory reasons for the decision to terminate Plaintiff.  The Court recognizes that "[p]retext may be shown with evidence that the employer's reason for the termination has changed substantially over time."  *Loeb v. Best Buy Co.*, 537 F.3d 867, 873 (8th Cir. 2008).  As mentioned above, Defendants assert that Plaintiff's termination was a business decision based on Strand's goal of reducing overhead to increase profitability.  Plaintiff argues that Defendants have changed the reason for her termination from cost saving to restructuring, and again to telling confidential information.  The Court finds this argument is not supported by the evidence.  Plaintiff does not explain how "cost saving" and "restructuring" are mutually exclusive justifications.  It appears to the Court that Strand's goal was to save costs, and one method of doing so was restructuring the company.  This is Defendants' stated reason for eliminating Plaintiff's position.  Furthermore, Guess explicitly stated in his affidavit that his belief that Plaintiff had previously violated Strand's confidentiality policy was "incidental to [his] decision to eliminate the HR Department later on."  (Doc. 22-1, p. 3).  Accordingly, Plaintiff has failed to provide the Court with any evidence indicating that Defendants have changed the reason for her termination.

Plaintiff has come forward with nothing, other than her own speculation that Guess was laying off older workers, to indicate that age played a role in the decision to terminate her employment.  Speculation, absent any proof, is simply insufficient to make her case.  *See Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (noting that an employer would still be entitled to judgment as a matter of law "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted

independent evidence that no discrimination had occurred"). Plaintiff has not provided the Court with sufficient, specific evidence of disparate treatment to survive summary judgment. Because the Court finds that there is no genuine dispute of fact as to the reason for Plaintiff's termination, it is not necessary to address the parties' arguments regarding Tankinetics' liability or Defendants' alternative arguments for summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 22) is GRANTED, Plaintiff's claims are DISMISSED WITH PREJUDICE, and judgment will be entered in favor of Defendants.

IT IS FURTHER ORDERED that all other pending motions in this case are DENIED AS MOOT.

IT IS SO ORDERED this 7th day of March, 2014.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE